UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ~~DOMINGO PEÑA~~ , | § | |
| Petitioner, | § | |
| vs. | § | Civil Action No._____ |
| DAVID L. WINN, WARDEN, | § | |
| Respondent. | § | **04-40191** |

PETITION FOR WRIT OF MANDAMUS AND/OR HABEAS
CORPUS, AND AUTHORITY IN SUPPORT THEREOF,
BROUGHT PURSUANT TO TITLE 28, UNITED STATES
CODE, SECTIONS 1361, AND 2241

Petitioner, <u>DOMINGO PEÑA</u>        , appearing <u>pro</u>
<u>se</u>, and files this petition for a writ of mandamus, and/or writ
habeas corpus, pursuant to 28 U.S.C.§§1361 and 2241, to compel
the Federal Bureau of Prisons to calculate his federal sentence
of imprisonment in accordance with the express provisions of
18 U.S.C.§3624(b), and would show the Court as follows:

I. BACKGROUND.

Petitioner was sentenced to a <u>240</u> term of
imprisonment on <u>21 U.S.C.§841,846</u> in the United States
District Court for the <u>Alexandria VA.</u>        .
Petitioner is presently serving out that sentence at the Federal
Medical Center in Devens, Massachusetts ("FMC-Devens"). Inasmuch
as petitioner has been sentenced to a term of imprisonment of
more than one year, in accordance with the provisions of 18
U.S.C.§3624(b), he is entitled to a credit of 54 days per year
for good behavior. However, the Federal Bureau of Prisons has
established a policy for implementing §3624(b), and that policy
-- 28 C.F.R.§523.20 and Bureau of Prisons Program Statement
5880.28 -- materially undermines §3624(b).

Case 4:04-cv-40191-WGY   Document 2   Filed 09/23/2004   Page 2 of 27
: Petition for Writ of Mandamus Habeas
Corpus, 28 U.S.C. §§1361 and 2241, Page 2.

Stephen Gagnon, Inmate Systems Manager at FMC Devens
has, consistent with 28 C.F.R. §523.20 and P.S. 5880.28, has
declined to award prisoners at FMC Devens a full 54 days credit
for each year of their respective sentences (imposed). see,
Attachment. Rather, Mr. Gagnon only allots credit for time
actually served. Id. Such a practice, however, runs afoul of a
plain reading of §3624(b) and the Congressional intent
underlying that statute. Consequently, a writ should issue.

II. SUBJECT MATTER JURISDICTION.

Petitioner brings this action pursuant to both 28
U.S.C. §§1361 and 2241. Section 2241 has long been recognized as
the basis for challenging the execution of the sentence of a
person in federal custody for violating a federal criminal
statute. Maleng v. Cook, 490 U.S. 488, 493 (1989); Ralston v.
Robinson, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981);
see also, Monahan v. Winn, 276 F.Supp.2d 196, 203 (D.Mass.
2003). Accordingly, this matter is properly brought pursuant to
28 U.S.C. §2241, inasmuch as petitioner seeks the court's
intervention in correcting the manner in which his sentence is
being computed.

Section 1361 is clear on its face, and grants the
district court "original jurisdiction [over] any action in the
nature of a mandamus to compel an officer or employee of the
United States or any agency thereof to perform a duty owed to
the plaintiff." 28 U.S.C. §1361. At least one circuit has
recognized jurisdiction under §1361 over petitions of federal
prisoners challenging determinations governing the execution of
sentences. Billiteri V. U.S. Bd. of Parole, 541 F.2d 938, 944
(2nd Cir. 1976).

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 3.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Countless prisoners at FMC Devens have attempted to have their sentences re-computed in a manner consistent with 18 U.S.C.§3624(b). However, all of such efforts have been fruitless, and were categorically denied. see, Attachment.

It is true that administrative remedies ordinarily must be exhausted before filing a habeas petition pursuant to 28 U.S.C.§2241. However, failure to exhaust may be excused when any of the following circumstances apply: "(1) available remedies provide no 'genuine opportunity for adequate relief'; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be 'futile'; and (4) in certain instances [when] a plaintiff has raised a 'substantial constitutional question.'" Guitard v. United States Secretary of navy, 967 F.2d 737, 741 (2nd Cir. 1991). In any event, the exhaustion requirement for §2241 petitions is prudential, not statutory, unlike habeas corpus petitions filed pursuant to 28 U.S.C.§2254. See, Arango Marquez v. I.N.S., 346 F.3d 892, 897 (9th Cir. 2003).

There can be no question that exhaustion of administrative remedies, pursuant to 28 C.F.R.§542.15, would be futile. Notwithstanding a recent district court opinion finding that the Bureau of Prisons' method of calculating good conduct time, pursuant to 18 U.S.C.§3624(b), is erroneous, See, White v. Scibana, Docket No. 03-C-581-C (W.D. Wisconsin)(Crabb, J.), a copy of which is annexed hereto, the Bureau of Prisons maintains their method of calculating good conduct time credits. Thus, exhaustion is necessarily excused.

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 4.

II. ARGUMENTS.

> PETITIONER IS ENTITLED TO THE ISSUANCE
> OF BOTH A WRIT OF MANDAMUS AND  HABEAS
> CORPUS, ON THE GROUNDS THAT THE BUREAU
> OF PRISONS REFUSES TO ALLOT HIM A FULL
> 54 DAYS PER YEAR (GCT) FOR EVERY  YEAR
> OF THE  SENTENCE IMPOSED UPON HIM,  AS
> DIRECTED  BY  CONGRESS  THROUGH   THE
> ENACTMENT  OF  THE  SENTENCE REFORM ACT
> OF 1984  (i.e.,  18  U.S.C.§  3624(b))

Section 3624(b), which was enacted as part of the Sentence Reform Act of 1984, provides, in pertinent part, as follows:

> (b) Credit toward service of sentence for
> satisfactory behavior.--
>
> (1) Subject to paragraph (2), a prisoner
> serving a term of imprisonment  of  more
> than 1 year....may receive credit toward
> the service of the prisoner's  sentence,
> beyond the time served, of up to 54 days
> at  the  end of each year of the prison-
> er's term of imprisonment, beginning  at
> the end of the first year of the term...

18 U.S.C.§3624(b).

The  Bureau  of  Prisons  has  promulgated  a  regulation interpreting this provision as awarrding good time credit on the basis of "each year served." 28 C.F.R.§523.20; Scibana, supra., at 4. Thus, the Bureau of Prisons has equated "term of imprisonment" to "time actually served". Such an equation, however, is a strained reading of the statute, and a complete distortion of the congressional intent underlying §3624(b). Specifically, Senator Joseph Biden, a co-author of the Comprehensive Crime Control Act of 1984, which was included within the Sentence Reform Act of 1984, made it clear that Congress, in enacting the Act, intended to give inmates good time credit of up to 15% of their sentences. See, 141 Cong.Rec. S2348-01 (2/9/95); 140 Cong.Rec. S12314-01, S12350 (8/23/94).

Case 4:04-cv-40191-WGY    Document 2    Filed 09/23/2004    Page 5 of 27

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 5.

In <u>Scibana</u>, supra., the district court held that the statements of Senator Biden were limited in their probative value inasmuch as they were issued "well after §3624 was enacted." <u>Scibana</u>, at 11 (citing <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 628 n.8 (1990)). Notably, on November 1, 1990, the U.S. Sentencing Commission updated Chapter 1, Part A(3) of the Federal Sentencing Guidelines Manual, to "reflect the implementation of guideline sentencing on November 1, 1987." <u>see</u>, U.S.S.G. Appendix C, Amendment 307 (eff. November 1, 1990). In so updating Chapter 1, Part A(3) "The Basic Approach (Policy Statement)", the Sentencing Commission observed that "the abolition of parole makes the sentence imposed by the court the sentence the offender will serve, <u>less approximately fifteen percent for good behavior</u>." U.S.S.G. Ch. 1, Pt. A(3) (emphasis added) This observation clearly supports the statements made by Senator Biden, and was made several years prior thereto.

The current Bureau of Prison policy for computing good conduct time effectively requires all federal prisoner's sentence under the Sentence Reform Act to serve approximately 88% of their sentences -- a far cry from the 85% intended by Congress, as observed by the Sentencing Commission less than three years after the sentencing guidelines, and §3624(b), went into effect. Consequently, any system of calculating good conduct time that does not comport with that of Congress is both unconstitutional, and entitled to zero deference.

Case 4:04-cv-40191-WGY   Document 2    Filed 09/23/2004    Page 6 of 27
Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 6.

The Bureau of Prisons' current policy of calculating
good conduct time credit only permits an allowance fifty-four
days for every year "actually served". The result is that a
prisoner serves approximately 88% of his sentence, when Congress
intended that a prisoner would serve approximately·85%. Both a
writ of mandamus and/or habeas corpus is necessary to rectify
this problem.

It is well settled that courts should accord
"substantial deference" to an agency's reasonable interpretation
of a statute Congress has charged it with administering. Chevron
U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S.
837, 842-45 (1984)(emphasis added). One reason for deferring to
the interpretation of the administering agency is that that
agency has special expertise that may make its construction
especially persuasive. See, Skidmore v. Swift & Co., 323 U.S.
134, 139 (1944); United States v. Mead Corp., 533 U.S. 218,
234-35 (2001). The Supreme Court has recognized that a level of
deference below that required in Chevron applies when the
statute does not indicate that Congress meant to delegate
authority to the agency to issue rulings with the binding force
of law. In such circumstances, agency interpretations "are not
controlling upon courts by reason of their authority," Skidmore,
323 U.S. at 140, but courts nonetheless owe them "some
deference." Reno v. Koray, 515 U.S. 50, 61 (1995); see also,
Mead, 533 U.S. at 234. In Koray, the Court concluded that a BOP
internal agency guideline was entitled to this lesser standard
of deference. Koray, 515 U.S. at 61. Inasmuch as the BOP's
interpretation of §3624(b) starkly contrasts the statute's plain
meaning and intent, deference is inappropriate.

Case 4:04-cv-40191-WGY    Document 2    Filed 09/23/2004    Page 7 of 27
Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 7.

## V. CONCLUSION.

Petitioner, having demonstrated that the Bureau of Prisons' interpretation of 18 U.S.C.§3624(b) is contrary to that statute's plain meaning, and the Congressional intent underlying same, seeks the issuance of: (1) a writ of mandamus, compelling the respondent to re-compute his sentence, and award him good conduct time credits totalling fifty-four days for each year of the "sentence imposed", consistent with the holding of the district court in White v. Scibana, a courtesy copy of which is annexed hereto; and/or (2) a writ of habeas corpus, directing the same.

WHEREFORE, PREMISES CONSIDERED, petitioner prays that this Court will grant this petition, in its entirety.

Dated: Ayer, Massachusetts

September, 7, 2004

Respectfully submitted,

Name Domingo Pium

Reg. No. 42805-083
Federal Medical Center
P.O. Box 879
Ayer, Massachusetts 01432

## VI. VERIFICATION

I,_____, do hereby declare, and affirm under the penalties of perjury, and pursuant to 28 U.S.C.§1746, that the foregoing is true and correct to the best of my knowledge, belief and recollection.

_____
Petitioner



04-40191

**EXHIBITS**

7055  INMATE REQUEST TO STAFF CDRFM

DEPARTMENT OF JUSTICE                                      FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Stephen Gagnon, ISM | 5-27-04 |
| FROM: | REGISTER NO.: |
| Domingo Peñi | # 42808-083 |
| WORK ASSIGNMENT: | UNIT: |
| ORDERLY | H = B |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

On April 23, 2004, the Honorable Barbara B. Crabb, Chief U.S. District Judge for the Western District of Wisconsin, ruled that federal prisoners are entitled to good conduct credit totalling 54 days per year, for every year of the "sentence imposed." See, White v. Scibana, Docket No.: 03-CV-581-C (4/23/04). This holding calls into question the operation and correctness of both 28 C.F.R. §523.20 and 5880.28. Consequently, I am hereby respectfully requesting that my good conduct time allowance be re-computed, consistent with the holding in Scibana, supra.

Please take notice that this request shall constitute the exhaustion of my administrative remedies, and that further exhaustion would be futile.

Thank you for your time and attention in this matter.

(Do not write below this line.)

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|
| | |

Record Copy – File; Copy – Inmate

Per Program Statement 5880.28, Goof Conduct Time (GCT) is controlled by 18 U.S.C. 3624(b) - it states:

A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment............

For computation purposes, it is necessary to remember the following about subsection 3624(b):

> 54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year.

Your good conduct time is calculated for each year actually served, not the total term in effect. You must be in custody to receive good conduct time.

If the above answer is not satisfactory to your request, you may begin the Administrative Remedy process.

A current good time data sheet is attached - you are earning 54 days per year.

```
   DEVCF  542*22 *             SENTENCE MONITORING          *      06-21-2004
 PAGE 001 OF 001 *             GOOD TIME DATA               *      11:57:54
                              AS OF   06-21-2004

REGNO...: 42808-083    NAME: PENA, DOMINGO NOLBERTO
ARS 1...: DEV A-DES                                    PLRA
COMPUTATION NUMBER..: 010                    FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 10-23-1998             FACL..: CUM    CALC: AUTOMATIC
UNIT................: H UNIT                  QUARTERS............: H04-403L
DATE COMP BEGINS....: 09-09-1998             COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 88                      TOTAL INOP TIME.....: 0
CURRENT REL DT......: 11-22-2021 MON         EXPIRES FULL TERM DT: 10-12-2022
PROJ SATISFACT DT...: 08-25-2019 SUN         PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                        ACTUAL SATISF METHOD:
DAYS REMAINING......:                         FINAL PUBLC LAW DAYS:


-------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

   START        STOP        MAX POSSIBLE TO     ACTUAL TOTALS     VESTED     VESTED
   DATE         DATE        DIS    FFT      DIS    FFT          AMOUNT      DATE
06-13-1998   06-12-1999     54      54
06-13-1999   06-12-2000     54     108
06-13-2000   06-12-2001     54     162
06-13-2001   06-12-2002     54     216
06-13-2002   06-12-2003     54     270
06-13-2003   06-12-2004     54     324
06-13-2004   06-12-2005     54
06-13-2005   06-12-2006     54
06-13-2006   06-12-2007     54
06-13-2007   06-12-2008     54
06-13-2008   06-12-2009     54
06-13-2009   06-12-2010     54
06-13-2010   06-12-2011     54
06-13-2011   06-12-2012     54
06-13-2012   06-12-2013     54
06-13-2013   06-12-2014     54
06-13-2014   06-12-2015     54
06-13-2015   06-12-2016     54
06-13-2016   06-12-2017     54
06-13-2017   06-12-2018     54
06-13-2018   06-12-2019     54
06-13-2019   08-25-2019     10


      TOTAL EARNED AMOUNT........................................:     324
      TOTAL EARNED AND PROJECTED AMOUNT..........................:    1144




 G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

YANCEY L. WHITE,

                                                      OPINION
                                                      AND ORDER
                    Petitioner,

                                                      03-C-581-C
          v.

JOSEPH SCIBANA,[1]

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Under 18 U.S.C. § 3624(b), a federal prisoner may earn up to 54 days of good

conduct time for every year of his "term of imprisonment." The question presented in this

petition for a writ of habeas corpus is one of first impression in this circuit: whether §

3624(b) requires the Bureau of Prisons to calculate an inmate's good conduct time on the

basis of the inmate's sentence rather than on the time he has actually served. In an order

dated December 22, 2003, I concluded that petitioner Yancey White had raised a substantial

question about the bureau's method of calculating good conduct time. I ordered respondent

---

[1] In his petition, petitioner identifies the respondent as "Warden Scibana." It has
come to my attention that respondent's full name is "Joseph Scibana." I have corrected the
caption accordingly.

1

A copy of this document
has been mailed to the following:
Athus O'Conner
E Feinstein
this 23 day of April, 2004 by
S. Vogel, Secretary to Judge Crabb

Scibana to show cause why the petition should not be granted.

The parties agree that 28 U.S.C. § 2241 is the proper vehicle for challenging the calculation of good conduct time, Bell v. United States, 48 F.3d 1042 (8th Cir. 1995), that petitioner has properly exhausted his administrative remedies, Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997), and that this court has jurisdiction to hear the petition. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-96 (1973). After considering respondent's arguments supporting the bureau's interpretation, I conclude that § 3624(b) is unambiguous: "term of imprisonment" means "sentence imposed." Therefore, the bureau must calculate an inmate's good conduct time on the basis of his sentence rather than on the time he has served. In other words, if a prisoner is sentenced to a 10-year term of imprisonment, he may earn up to 540 days of good conduct time in the absence of a disciplinary infraction. The bureau may not  limit the application of good conduct time to the amount of time the inmate has already served. Accordingly, I will grant the petition for a writ of habeas corpus and order respondent to recalculate petitioner's good conduct time as § 3624(b) directs.

I find the following facts from the record.


## FACTS

Petitioner Yancey White is an inmate at the Federal Correctional Institution at Oxford, Wisconsin.  In August 1996, the United States District Court for the Southern

guidance memoranda entitled to "respect" but not "dispositive force"); Yellow Transportation, Inc. v. Michigan, 537 U.S. 36, 45 (2003) (regulation promulgated after notice and comment entitled to highest level of deference when Congress has expressly authorized agency to promulgate rules). Regardless of the context of the interpretation, the agency is entitled to no deference if Congress has expressed its intent unambiguously in the statute. FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 125-26 (2000). Agencies may fill gaps in ambiguous statutes; they may not contradict a statute's plain language. Further, a court should conclude that a statute is ambiguous and thus open to gap-filling by agencies "only when the devices of judicial construction have been tried and found to yield no clear sense of congressional intent." General Dynamics Land Systems, Inc. v. Cline, 124 S. Ct. 1236, 1248 (2004).

In the December 22, 2003 order, I concluded that the pivotal clause in § 3624(b) is the one stating that an inmate may earn up to 54 days of good conduct time "at the end of each year of the prisoner's term of imprisonment." That clause raised the question whether the phrase "term of imprisonment" means "sentenced imposed" or "time served." If "term of imprisonment" refers to the sentence, an inmate's maximum potential good conduct time could be calculated by multiplying 54 days by the number of years in the sentence. In this case, petitioner would have been eligible to earn up to 540 days against his sentence (54 days x 10 years = 540 days). However, if a term of imprisonment is defined by the inmate's

5

DISCUSSION

The issue in this case is whether the Bureau of Prisons' method for calculating good

conduct time is consistent with 18 U.S.C. § 3624(b).  That section provides:

(b) Credit toward service of sentence for satisfactory behavior.--

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment
> of more than 1 year other than a term of imprisonment for the duration of the
> prisoner's life, may receive credit toward the service of the prisoner's sentence,
> beyond the time served, of up to 54 days at the end of each year of the
> prisoner's term of imprisonment, beginning at the end of the first year of the
> term . . . . Subject to paragraph (2), credit for the last year or portion of a year
> of the term of imprisonment shall be prorated and credited within the last six
> weeks of the sentence.

18 U.S.C. § 3624(b)(1).

The bureau has promulgated a regulation interpreting this provision as awarding good

time credit on the basis of "each year served."  28 C.F.R. § 523.20.  In Program Statement

5880.28, the bureau has set forth the formula it uses to calculate good conduct time.  Under

the bureau's formula, an inmate that receives a sentence of one year and one day can earn

up to 47 days of good conduct time rather than 54 days.

When a court reviews an agency's interpretation of a federal statute, the threshold

question is whether the interpretation is entitled to deference.  The Supreme Court has

applied varying levels of deference depending on the context of the interpretation.  E.g.,

Alaska Department of Environmental Conservation v. EPA, 124 S. Ct. 983 (2004) (internal

4

District of Illinois sentenced petitioner to 120 months in prison after he was convicted of three counts of distributing cocaine base.

In March 2003, petitioner filed a request for an administrative remedy, arguing that under 18 U.S.C. § 3624, he was to receive "54 days [of good conduct time] for every year that [he] was given by the sentencing judge." Petitioner believed his projected release date should be December 2004 rather than February 2005 as the Bureau of Prisons had calculated. The warden denied petitioner's request for an administrative remedy, explaining that

> 54 days of GCT [good conduct time] may be earned for each full year **served** on a sentence in excess of one year, with the GCT being prorated for the last partial year. Since you will not be **in service** of a complete 120 months, you cannot calculate your GCT credits by 120 months by 54 days. Applying this formula, you are entitled to 470 days GCT for a 120-month sentence.

The regional director affirmed the warden's decision, writing that § 3624(b) "mandates GCT be awarded on the amount of time actually served, not on the length of the term imposed." Petitioner appealed to the administrator for national inmate appeals, who affirmed, stating that "the Bureau of Prisons computed your sentence as required by the Program Statement 5880.28, Sentence Computation Manual – CCA and all applicable statutes."

In December 2003, staff at the prison in Oxford prepared an updated computation for petitioner. After subtracting 10 days of good conduct time for a rule violation in April 2003, staff calculated that petitioner's projected release date was March 3, 2005.

3

actual time served, the number of good time credits that could be earned would be reduced and a more complicated calculation would be required because an inmate that earns good time will not actually serve his full sentence.

As an initial matter, respondent challenges the conclusion that the case turns on an interpretation of "term of imprisonment." He argues that the phrase establishes only "which federal inmates are eligible to earn good time credits against their sentences in the discretion of the Bureau." Resp.'s Br., dkt. # 15, at 9. Respondent does not develop this argument and I cannot agree with it. It is true that the statute allows good conduct time only for those prisoners serving a term of imprisonment of more than one year. But the statute says also that the inmate may receive 54 days of credit for every "year of the prisoner's term of imprisonment." If "term of imprisonment" means "sentence," an inmate would be eligible to receive good conduct time for each year of his sentence rather than for each year he has served. Thus, I adhere to the conclusion in the December 22 order that the bureau has no authority to calculate credits on the basis of time served if § 3624 unambiguously expresses Congress's intent to define "term of imprisonment" as "sentence imposed."

In isolation, the phrase "term of imprisonment" is arguably ambiguous. See American Heritage Dictionary of the English Language 175 (4th ed. 2000) (defining "term" to mean both "[a] limited period of time" and "a period of time that is assigned to a person to serve"). However, words in a statute are not to be read in a vacuum; courts must read the

6

statute as a whole to aid in determining the meaning of each of its parts.  King v. St.

Vincent's Hospital, 502 U.S. 215, 221 (1991).  A corollary to this rule is that identical

words used in different parts of the same statute are presumed to have the same meaning.

Gustafson v. Alloyd Co., 513 U.S. 561, 570 (1995).

The phrase "term of imprisonment" is used several times in § 3624.  None of the

other uses supports a "time served" interpretation of "term of imprisonment" and

respondent does not argue to the contrary.  For example, the first sentence of § 3624(a)

provides, "A prisoner shall be released by the Bureau of Prisons on the date of the expiration

of the prisoner's term of imprisonment, less any time credited . . . ."  This sentence can make

sense only if a term of imprisonment is another way of saying the sentence imposed.  If

"term of imprisonment" means only the time *actually* served, there would be no need to

subtract "time credited" to determine the release date because good conduct time would

already be taken into account.  This sentence is in essence a calculation for time served:

Sentence imposed minus good time credited equals time served.  There is no other way to

read the provision.

Similarly, the first sentence of § 3624(b) provides that any "prisoner who is serving

a term of imprisonment of more than 1 year" may earn good conduct time.  (Section

3624(c) also refers to "a prisoner serving a term of imprisonment").  Again, this portion of

the statute would make no sense if "term of imprisonment" means the time served.  An

7

inmate cannot be "serving" time he has already served. In this context, if Congress had intended "term of imprisonment" to mean "time served," it could have used the clause "a prisoner who *has completed* a term of imprisonment of more than one year." Further, a "time served" interpretation of "term of imprisonment" in this clause would make determining eligibility for good conduct time a perplexing process when the sentence is just over one year. For example, an inmate who would initially be eligible for good time credit because his sentence was 366 days would become ineligible once his good conduct time was taken into account.

Even the bureau has interpreted the statute as making good conduct time available when the *sentence* is more than a year. <u>See</u> Program Statement 5880.28, <u>Sentence Computation Manual – CCA</u> (applying good time credit calculation to sentence of one year and one day), <u>attached to</u> Aff. of Christine Hine, dkt. #15. Respondent does not explain why "term of imprisonment" should mean "sentence imposed" in one part of the statute and "time served" in another part.

It is true that the presumption that terms have a consistent meaning throughout a single statute may be overcome, as the Supreme Court reaffirmed recently. <u>Cline</u>, 124 S. Ct. at 1245. However, in <u>Cline</u>, the Court concluded that Congress did not intend to define the word "age" uniformly throughout the Age Discrimination in Employment Act because "age" has "several commonly understood meanings among which a speaker can alternate in the

8

course of an ordinary conversation, without being confused or getting confusing." Id. at

1246. Unlike the word "age," the phrase "term of imprisonment" is not a common term in

casual conversation. Rather, it is a legal term of art that Congress has employed in dozens

of statutes, many of which were part of the Comprehensive Crime Control Act of 1984, the

same act in which § 3624 was included. Throughout these statutes, Congress has uniformly

used "term of imprisonment" as a synonym for "sentence." E.g., 18 U.S.C. § 3147 ("A term

of imprisonment imposed pursuant to this section shall be consecutive to any other sentence

of imprisonment."); 18 U.S.C. § 3156(a) (3) ("The term 'felony' means an offense

punishable by a maximum term of imprisonment of more than one year."); 18 U.S.C. § 3582

(discussing "factors to be considered in imposing a term of imprisonment"); 18 U.S.C. §

3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time

. . . . "); 28 U.S.C. § 994(b) ("If a sentence specified by the guidelines includes a term of

imprisonment, the maximum of the range established for such a term shall not exceed the

minimum of that range by more than 25 per centum."). It is fair to assume that if Congress

had intended to make the calculation for good conduct time contingent on time served

rather than the sentence imposed, it would not have used a phrase with such a clear and

consistent meaning throughout the United States Code. Firstar Bank, N.A. v. Faul, 253 F.3d

982, 990 (7th Cir. 2001) ("[W]here a word is given a consistent meaning throughout the

United States Code, then the courts assume that it has that same meaning in any particular

9

instance of that word.")

To support the bureau's interpretation of the statute, respondent points to 18 U.S.C. § 4161, which governed calculation of good time credits from 1959 until 1987. Section 4161 provided:

> Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows . . .

According to respondent, § 4161 required the bureau to calculate an inmate's good conduct time on the basis of his sentence because the statute stated expressly that an inmate who behaves "shall be entitled to a deduction from the term of his *sentence*." See also H.R. Rep. 86-935, reprinted in 1959 U.S.C.C.A.N. 2518 (noting that purpose of § 4161 was "to provide for the return to the method of computing good conduct time which was followed between 1902 and 1948," namely, "multiplying the number of months of a sentence as imposed by the court by the appropriate number of days as prescribed in the statute").

Respondent argues that it is indicative of legislative intent that Congress chose to change this language in the new version of the statute, but this argument is not persuasive. Replacing "sentence" with "term of imprisonment" does not evince an intent to change the method for calculating good time credits when Congress has used the terms interchangeably

10

in so many other contexts. If anything, Congress's long history of using an inmate's sentence to calculate good conduct time supports a conclusion that Congress would have been more explicit if it had intended to adopt a different policy. Firstar Bank, 253 F.3d at 988 ("The courts presume that Congress will use clear language if it intends to alter an established understanding about what a law means; if Congress fails to do so, courts presume that the new statute has the same effect as the older version."). (Petitioner also cites statements by Senator Joseph Biden, who co-authored the Comprehensive Crime Control Act of 1984, that § 3624(b) was intended to give inmates good time credit of up to 15% of their sentences. 141 Cong. Rec. S2348-01 (Feb. 9, 1995); 140 Cong. Rec. S12314-01, S12350 (Aug. 23, 1994). However, because both of these statements were made well after § 3624 was enacted, their probative value is limited. Sullivan v. Finkelstein, 496 U.S. 617, 628 n.8 (1990) (noting "difficulties inherent in relying on subsequent legislative history"); St. Francis Hospital Center v. Heckler, 714 F.2d 872, 880 (7th Cir. 1983) ("[P]ost enactment history is not the surest guide of the legislative intent in initially passing the Act.").)

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has held explicitly that § 3624(b) requires the bureau to calculate good conduct time on the basis of the sentence imposed. However, as petitioner points out, the court of appeals has assumed that an inmate may be able to deduct up to 15% of his or her *sentence* by earning good conduct time (54 days is approximately 15% of one year). E.g., United States v. Martin, 100

11

F.3d 46, 47 (7th Cir. 1996) (assuming that inmate could earn 4.5 years of good conduct time on 30-year sentence, or 15%); see also United States v. Prevatte, 66 F.3d 840, 846 (7th Cir. 1995) (Posner, J., concurring) (assuming that inmate can reduce *sentence* through good conduct time by up to 14.7%).

One court has determined that the meaning of "term of imprisonment" in § 3624 is ambiguous. Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001). However, in coming to this conclusion, the court did not consider how the phrase was used in the first sentence of § 3624(a) and the first sentence of § 3624(b)(1), as well as in the rest of the criminal code. Moreover, the court did not take into account the history of the statute showing that Congress intended good conduct time to be deducted from an inmate's sentence. In finding the statute ambiguous, the court relied solely on the last sentence of § 3624(b)(1), which states that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." The court concluded that a "sentence imposed" interpretation of "term of imprisonment" would be "inconsistent" with a requirement to prorate good time credits during the last year of the term. Pacheco-Camacho, 272 F.3d at 1268-69.

I respectfully disagree with the conclusion that § 3624(b)(1) is ambiguous because it requires the last year of the term to be prorated. This requirement would support the bureau's interpretation of the statute only if all prison sentences were imposed in whole

12

years. Because defendants in federal court are sentenced to a term of months rather than years, many sentences will end in a number of months after the last full year. Thus, there is nothing inconsistent between prorating good time for the last year of the term and interpreting "term of imprisonment" to mean the sentence. Regardless of the interpretation of "term of imprisonment," an inmate's good time will have to be prorated when his or her sentence consists of a number of years and some odd months.

In Pacheco-Camacho, the court stated that a "sentence imposed" construction would result in a "bonus" to the inmate because he or she will receive credit in advance of earning it. Respondent makes a similar argument. Resp.'s Br., dkt. #15, at 8 (["Petitioner's] proposed calculation allows prisoners to accrue good time credits for time they never serve.") However, this argument has force only if one assumes that the bureau's interpretation is the correct one. If one assumes that "a year" of the "term of imprisonment" is a year of the sentence imposed, then an inmate has completed a year of the term whenever the inmate's time actually served plus good conduct time equals 365 days (e.g., 311 days served + 54 days of good conduct time = 1 year of the term of imprisonment). Thus, the inmate still "earns" all of his good conduct time, but he does so at a faster rate than under the bureau's interpretation of the statute.

Finally, the Court of Appeals for the Ninth Circuit cited United States v. Johnson, 529 U.S. 53 (2000), to support its conclusion that § 3624(a) does not inform the proper

13

interpretation of § 3624(b). The court's reliance on Johnson is puzzling. In that case, the Supreme Court recognized only that under § 3624(e), a "term of supervised release" cannot begin until the inmate has been released from confinement. Johnson, 529 U.S. at 58-59. It did not consider the correct interpretation of the phrase "term of imprisonment" or suggest that words in § 3624 have different meanings in different parts of the statute. Thus, Johnson is not instructive in this case.

Respondent makes one other argument not raised by the court in Pacheco-Camacho: adopting petitioner's interpretation of § 3624(b) would be contrary to Congress's intent to give the bureau discretion in awarding good conduct time. He relies on Lopez v. Davis, 531 U.S. 230 (2001), in which the Supreme Court concluded that the bureau had discretion under 18 U.S.C. § 3621(e)(2)(B) to deny a sentence reduction because the statute provides that the bureau "may" reduce sentences under particular circumstances. Respondent notes that § 3624(b) has a similar provision that an inmate "may" receive up to 54 days of credit for each year of the term of imprisonment.

Respondent confuses two very different issues. There is no question that the bureau has discretion to deny good conduct time when it concludes that the inmate's behavior does not warrant it. Petitioner acknowledges that discretion. He is not challenging the bureau's decision to disallow 10 days of good conduct time after he was found guilty of a rule violation. However, discretion in *granting* good conduct time does not translate into

14

discretion for choosing the method for *calculating* good conduct time. The statute does not say that the bureau "may" calculate good conduct time in any way it wants.. Rather, the statute uses the phrase "term of imprisonment" as the basis on which good conduct time must be calculated.

As noted above, an agency does not have discretion to interpret a statute that is unambiguous. Because I have concluded that Congress had the unambiguous intent to define the phrase "term of imprisonment" to mean "sentence imposed," I conclude that the bureau did not have authority to promulgate a regulation that uses "time served" as the basis for the calculation. The petition must be granted.

ORDER

IT IS ORDERED that petitioner Yancey White's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Joseph Scibana is directed to recalculate petitioner's good conduct time on the basis of each year of his *sentence* rather than on time

15

actually served.

Entered this _____23d_____ day of April, 2004.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

16