UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOMINGO PENA, | ) |
|     Petitioner, | ) Civil Action No. 04-CV-40191-WGY |
| v. | ) |
| DAVID L. WINN, Warden, | ) |
|     Respondent. | ) |

**MEMORANDUM OF RESPONDENT, DAVID WINN,
IN SUPPORT OF THE MOTION TO DISMISS**

**INTRODUCTION**

The Petitioner, Domingo Pena, an inmate at the Federal Medical Center, Devens, filed the instant Petition for Writ of Habeus Corpus and/or Mandamus under 28 U.S.C. §§ 1361 and 2241, alleging that the Federal Bureau of Prisons has incorrectly calculated the appropriate credit for good conduct time ("GCT"). For the reasons stated below, the Petition fails to state a claim upon which relief can be granted and must be dismissed.

## STATEMENT OF FACTS[1]

On September 9, 1998, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia to serve 292 months imprisonment, with a five-year term of supervised release, for: (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine or fifty or more grams of "crack" cocaine; and (2) possession with intent to distribute fifty grams or more of "crack" cocaine in violation of 21 U.S.C. §841(a) and 18 U.S.C. §2.  See Declaration of Stephanie Scannell ("Scannell Dec.") Exhibit 1, Attachment B, p.1 (Sentence Monitoring Computation Data). Petitioner's release date, if he were to serve the full term of his sentence, is October 12, 2022.  Id., Attachment A, p.6 (Inmate Data).

The calculation of GCT begins for this Petitioner on June 13, 1998.[2]  Pursuant to the regulatory scheme adopted by the BOP, Petitioner would be eligible for a maximum credit for GCT of 1144 days.  As more fully explained below, Petitioner receives (assuming Petitioner is eligible) 54 days of credit for each complete year *served* from June 13, 1998 through June 12, 2019.  This leads to a credit of 1134 days for the 21 years actually served.  For the balance of his sentence, from June 13, 2019, through August 25,

---

[1] In accord with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion.  See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

[2] This date is reached by using the date the sentence began, September 9, 1998, minus eighty-eight (88) days of credit for jail time served prior to the sentence.  Scannell Dec., Attachment A, p. 6.

2019 ( the credit having been subtracted from the date of release), Petitioner would receive ten days of GCT, a total of 1144 days.

Petitioner (by way of a form motion) fails to specify the number of days that he contends should be awarded. Broadly construing the (form) motion, it appears that the Petitioner contends that he is entitled to 54 days of credit for each year of the sentence *imposed* (regardless of whether the time is served). Thus, Petitioner appears to allege that he is entitled to 54 days of credit for each year from June 12, 1998, through October 12, 2022 (24 years, 4 months), a total of 1314 days.[3]

---

[3] Petitioner did not exhaust his administrative remedies, Scannell Dec., ¶ 4, Attachment E (Administrative Remedy General Retrieval). There exists a judicially-created exhaustion requirement for habeas petitions brought pursuant to 28 U.S.C. § 2241. See Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999) ("Once administrative remedies under the Bureau of Prison's Administrative Remedies Program are exhausted, see 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of the request for designation by filing a habeas petition under 28 U.S.C. § 2241."), cert. denied, 528 U.S. 1126 (2000). Respondent notes, however, that courts have reached differing conclusions as to whether this exhaustion requirement is futile. Compare Molina v. Wendt, 2004 WL 1490029 (N.D. Tex. July 1, 2004) (exhaustion not futile), report and recommendation adopted by 2004 WL 161942 (N.D. Ill. July 16, 2004); Sanchez v. Wendt, 2003 WL 22327877 (N.D. Tex. Oct. 8, 2003) (same), report and recommendation adopted by 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003); with Caldwell v. Scibana, 2004 WL 1631290 (W.D. Wisc. July 19, 2004) (exhaustion futile); Martinez v. Wendt, 2003 WL 22456808 (N.D. Tex. Oct. 24, 2003) (same), report and recommendation adopted by 2003 WL 22724755 (N.D. Tex. Nov. 18, 2003).

## BACKGROUND

    A.    <u>The Governing Statute</u>

For offenses committed after November 26, 1996, GCT is determined pursuant to the Sentencing Reform Act, 18 U.S.C. § 3624(b). That statute provides in relevant part:

> (b) Credit toward service of sentence for satisfactory behavior.
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

<u>Id</u>.

    B.    <u>The Bureau of Prisons Regulation</u>

To implement the statutory directive, the Bureau of Prisons has issued regulations construing the statutory directive. Specifically, 28 C.F.R.§ 523.20, provides:

> (a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
> (1) 54 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
> (2) 42 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

<u>Id.</u> (emphasis added).

The calculation under the Sentencing Reform Act and relevant regulations is further explained in BOP Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u> ("PS 5880.28") (The relevant portions are included in the Scannell Dec., Attachment D).  Consistent with the statute and regulation, PS 5880.28 provides that, in determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by a model prisoner shall be prorated to 0.148 days of credit for every actual day served (54/365 = 0.148).  <u>Id</u>.

Thus, in accord with the statutory directive that GCT in the last year shall be prorated, the implementing regulations and the Program Statement adjust for the fact that each additional day of accrued GCT results in one day less of time served.  Consequently, the days of credit and days of time served are adjusted to reflect that fact that an inmate granted GCT does not actually serve the entire "term of imprisonment."

    C.    <u>The Petitioner's Argument</u>

The Petitioner argues the BOP regulations and Program Statement impermissibly substitute *time actually served* in place of "term of imprisonment."  Stated another way, Petitioner asserts that the calculation of GCT must be made with regard to the sentence imposed, not with regard to time actually served.  Thus, the Petitioner contends that the Sentencing Reform Act mandates that he receive 54 days of GCT credit for the entire 24 years and two months of the sentence imposed, a total of 1314 days.

Under this theory, Petitioner "earns" GCT during the last three and one half years of his sentence, even though he will never have served a single day of that time.

5

# ARGUMENT

I. **Summary of Argument**

Succinctly, the present dispute is whether "term of imprisonment" unambiguously means the sentence imposed (as argued by the Petitioner), or, whether it means time served. Alternatively, if the term is deemed to be ambiguous, the question becomes whether the BOP's interpretation is a reasonable construction of the statute.

As the intent of Congress clearly indicates that "term of imprisonment" was intended to apply to time actually served in calculation the award of GCT, or alternatively, because the term is ambiguous and the BOP's construction represents a reasonable interpretation of the statute, the Petition must be dismissed.

## II. The Standard of Review

The Supreme Court has instructed that, in reviewing an agency's interpretation of a statute that it administers, courts must engage in a bifurcated, or two-step inquiry:

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Chevron, U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984).

## III. Congress Clearly Intended That "Term of Imprisonment" Means Time Served When Calculating Available GCT Awards

### A. Statutory Interpretation

In determining whether Congress has spoken directly to the precise question at issue, "the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). At the same time, "the task of statutory interpretation involves more than the application of syntactic and semantic rules to isolated sentences. Even plain meaning can give way to another interpretation if necessary to effectuate Congressional intent." Cablevision of Boston, Inc. v. Public

7

Improvement Comm'n of Boston, 184 F.3d 88, 101 (1st Cir. 1999) (citing Greenwood Trust Co. v. Massachusetts, 971 F.2d 818, 825 (1st Cir.1992), and SEC v. Lehman Bros., Inc., 157 F.3d 2, 8 (1st Cir.1998)).  Thus, "[r]ather than 'culling selected words [or sentences] from a statute's text and inspecting them in an antiseptic laboratory setting, a court engaged in the task of statutory interpretation must examine the statute as a whole, giving due weight to design, structure, and purpose as well as to aggregate language.'" Id. (quoting O'Connell v. Shalala, 79 F.3d 170, 176 (1st Cir.1996)).  As the Supreme Court has emphasized, it is a "cardinal rule that a statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context." King v. St. Vincent's Hospital, 502 U.S. 215, 221 (1991).

      B.     The Text And Structure of 18 U.S.C. §3624(b) Reveal That Congress Intended That GCT Awards Be Based Upon Time Actually Served

"In plotting the contours of a statute, courts must look first to its language and structure." Plumley v. Southern Container, Inc., 303 F.3d 364, 369 (1st Cir. 2002).  The Sentencing Reform Act provides that credit for GCT be given "at the end of each year of the prisoner's term of imprisonment" subject to a finding of, "exemplary compliance with institutional disciplinary regulations" and that "credit for the last year or portion of a year of the term of imprisonment shall be prorated . . . ."  To award credits for "good conduct," BOP must, indisputably, examine an inmate's conduct over a period of imprisonment to decide whether that prisoner has shown "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b).

As a matter of common sense, an inmate cannot establish "exemplary compliance with institutional disciplinary regulations" for time that was not served. Thus, the Petitioner's interpretation impermissibly renders superfluous the requirement that BOP evaluate whether there has actually been good behavior over the period for which credit is sought. See Duncan v. Walker, 533 U.S. 167, 174 (2001) (a provision of a statute should not be interpreted in a manner that renders another provision of the same statute superfluous); Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998) (same). If GCT credit were awarded based on the length of sentence, as Petitioner urges, inmates would, nonsensically, be awarded GCT for periods in which they were not incarcerated and in which there has been no showing of compliance with disciplinary regulations, i.e., time for which there has been no good conduct.[4]

Thus, the statutory language reveals Congress' intent to predicate GCT credit on the time an inmate actually served, rather than on the mere length of the original sentence. Indeed, this conclusion is inescapable. If Petitioner is correct that the GCT credit to which an inmate is entitled is simply calculated by multiplying 54 days for each year of the "sentence imposed," Petition at 7, that would mean that an inmate serving a ten-year sentence, for example, would be entitled to 540 days of GCT credit, even though that

---

[4]The statute provides, "Credit that has not been earned may not later be granted." Thus, the language clearly indicates that GCT credit must be earned. If GCT credit were awarded based on length of sentence, as Petitioner urges, credit would be awarded for time not actually spent in prison, in other words, credit given that was never actually earned.

inmate would not serve any of the tenth year of imprisonment, and only a portion of the ninth year of imprisonment, as a result of the GCT credit of 540 days. Such a result cannot be squared with the statutory directive that 54 days of GCT credit may be awarded "at the end of each year of the prisoner's term of imprisonment," so long as "during that year," the inmate satisfied the statutory preconditions. See, e.g., Pasciuti v. Drew, 2004 WL 1247813, *5 (N.D.N.Y. June 2, 2004) (holding that "granting GCT for years that will not be served is illogical, because compliance with disciplinary rules during those years is not possible.").

     Petitioner's interpretation of § 3624(b) also cannot be squared with another section of that statute, which requires that "credit for the last year or portion of a year of the term of imprisonment *shall be prorated* and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b)(1) (emphasis added). Petitioner was sentenced to serve 292 months imprisonment, see Scannell Decl., Exhibit 1, Attachment B, and therefore will not serve any of the final three and a half years of imprisonment (assuming good conduct). Yet, under Petitioner's theory, under which he is entitled to receive 54 days of GCT credit for each year of his "sentence imposed," Petition at 7, the proration clause would be rendered null, for instead of receiving a prorated portion of GCT credit for the partial year served in the eighteenth year of his sentence, Petitioner would receive the entire 54 days of GCT credit for that year (and the subsequent unserved years) even though he did not serve the full 365 days of that year. As previously noted, the statute cannot be construed in a

manner that renders another provision of the same statute superfluous.  See Duncan; Kawaauhau, supra.  As the Ninth Circuit ruled in rejecting a like argument:

> Whereas the model prisoner will ordinarily receive his fifty-four-day credit after complying with prison disciplinary rules for 365 days, under Pacheco's reading, a prisoner who serves 311 days would receive the same number of credits for exhibiting good behavior over only eighty-five percent of the year. Pacheco's interpretation would therefore confer upon the prisoner a bonus during his last year of imprisonment. Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year.

Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268-69 (9th Cir. 2001), cert. denied, 505 U.S. 1105 (2002).

  C. The Decision Relied Upon By The Petitioner, White v. Scibana, Should Not Be Followed

Respondent acknowledges that, in White v. Scibana, 314 F. Supp. 2d 834 (W.D. Wisc. 2004), on appeal, No. 04-2410 (7th Cir.), the court reached a different conclusion. In that case, the district court concluded that "§ 3624(b) is unambiguous: 'term of imprisonment' means 'sentence imposed.'" Id. at 836.  Although noting that, in isolation, the term "term of imprisonment" was arguably ambiguous, the court found that that term was used in several other provisions of § 3624(b), and that "[n]one of the other uses supports a 'time served' interpretation of 'term of imprisonment.'" Id. at 838.  See id. (citing use of "term of imprisonment" in §§ 3624(a) and 3624(b)).

Respondent submits that the White decision is not well reasoned and should not be followed.[5] As explained supra, under the White court's reasoning, an inmate would receive GCT credit not only for time served, but also for time that was not served because the accumulated GCT has shortened the total time an inmate is required to serve before release. Indeed, in cases such as Petitioner's, an inmate would receive GCT credit for entire years that were not served, notwithstanding the statute's requirement that GCT credit be awarded "at the end of each year of the prisoner's term of imprisonment," and making it impossible for BOP to measure whether the inmate had displayed exemplary compliance with disciplinary regulations "during that year." As one court has observed, "[a]ccepting the rationale of Petitioner and the White court would lead to an inconsistency in the statute. . . . The question that arises is as follows: Because the

---

[5]Indeed, virtually every court to have considered this question on the merits, save that in White, has upheld BOP's interpretation of § 3624(b). See Brown v. Hemingway, 53 Fed. Appx. 338, 338, 2002 WL 31845147, * 1 (6th Cir. 2002) ("The Bureau's interpretation is reasonable in light of the statutory language."); Williams v. Lamanna, 20 Fed. Appx. 360, 361, 2001 WL 1136069 (9th Cir. 2001) ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate."); Pacheco-Camacho, 272 F.3d at 1270 (holding that, under Chevron step two, BOP's interpretation "comports with the statutory language of section 3624(b), and does not subvert the statutory design"); Webb v. Deboo, No. 3:03CV961 (PCD) (JGM), slip op. at 5-6 (D. Ct. Sept. 22, 2004) ("The court concludes that the BOP's method of calculation of good time credit is consistent with and a reasonable interpretation of the statute.") (attached hereto as Exhibit 2); Muratella v. Veltri, Civ. No. 04-456-WDS, slip op. at 2 (S.D. Ill. Sept. 2, 2004) (attached hereto as Exhibit 3) (agreeing that BOP's interpretation of § 3624(b) was reasonable); Graves v. Bledsoe.334 F. Supp.2d 906, 908 (W.D. Va. 2004) ("This court finds that the BOP's interpretation is a logical interpretation of the entire statute."); Pasciuti, 2004 WL 1247813, * 6; Martinez v. Wendt, 2003 WL 22456808, * 3 (N.D. Tex. Oct. 24, 2003) (holding that, under Chevron step two, BOP's interpretation "is reasonable and is not effected to subvert the will of Congress."), report and recommendation adopted by, 2003 WL 22724755 (N.D. Tex. Nov. 18, 2003).

statute requires BOP to award GCT at the *end* of a year of imprisonment, then when is that credit vested if a year of imprisonment is never actually served?" Pasciuti, 2004 WL 1247813, * 5 (emphasis in original).

Moreover, the White court's holding that the term "term of imprisonment" must be construed to have a uniform meaning throughout § 3624 ignores the Supreme Court's admonition that the presumption that identical words in different parts of the same statute are intended to have the same meaning is just that, a presumption, which is "not rigid" and which "readily yields whenever there is such variation in the connection in which the words are used as reasonably to warrant the conclusion that they were employed in different parts of the act with different intent." General Dynamics Land Sys, Inc. v. Cline, 124 S. Ct. 1236, 1245 (2004) (quoting Atlantic Cleaners & Dryers, Inc. v. United States, 286 U.S. 427, 433 (1932)). Such is the case here.

Indeed, the White court's analysis would, itself, lead to absurd results. By way of example, § 3624(d) provides that an inmate shall be given clothing, a stipend, and transportation upon his or her release "on the expiration of the prisoner's term of imprisonment." 18 U.S.C. § 3624(d). Following the district court's logic in White, this Petitioner would be released penniless, naked, and with no means of travel, with the option of returning in just under four years for clothing, a stipend and transportation. That cannot have been Congress' intent.

IV. **Should This Court Determine That The Meaning Of "Term Of Imprisonment" Is Ambiguous, The BOP's Method Of Calculation Must Be Upheld As A Reasonable Construction Of The Statute**

To the extent that "term of imprisonment" may be construed as ambiguous, the BOP's construction must be upheld. See Chevron, 467 U.S. at 842-43. As previously noted, the Petitioner's interpretation of "term of imprisonment" cannot be reconciled with the provision that BOP must make a determination at the end of the year whether the inmate has demonstrated compliance with prison regulations and the provision that credit in the final year must be prorated. See Section IIIB, supra. Similarly, Congress' use of the term in other sections the statute to mean the sentence imposed, as noted by the court in White, supra, cannot be reconciled with either the above noted provisions or the use of the term in 18 U.S.C. § 3624(d) (in which the inmate is to be given clothing, a stipend and transportation at the conclusion of his "term of imprisonment."). See Section IIIC, supra.

To the extent that the term is deemed to be ambiguous, the BOP's construction reasonably accommodates the conflicting provisions. As such, it is entitled to substantial deference from this Court. See Chevron, 467 U.S. at 837 (declaring that regulations promulgated by an agency under a statutory scheme within its purview will be given controlling weight unless "arbitrary, capricious, or manifestly contrary to the statute").

## **CONCLUSION**

For the forgoing reasons, the Petition should be dismissed.

                        Respectfully submitted,
                        MICHAEL J. SULLIVAN
                        United States Attorney

By:   /s/ Mark Grady
        MARK GRADY
        Assistant U.S. Attorney
        John Joseph Moakley U. S. Courthouse
        One Courthouse Way, Suite 9200
        Boston, Massachusetts 02210
        (617) 748-3136

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November 2004, the foregoing document was served upon Petitioner, Domingo Pena, Reg. No. 42808-083, FMC Devens, P.O. Box 879, Ayer, MA 01432 by mail.

                        /s/ Mark Grady
                        Mark Grady