

**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD
**NUMBER:** 5880.28
**DATE:** CN-06, 7/19/99
**SUBJECT:** Sentence Computation Manual (CCA of 1984)

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta v. U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.** None.

   b. **Directives Referenced.** None.

**g. Good Conduct Time.** Subsection 3624(b) states, "(b) Credit toward service of sentence for satisfactory behavior.-- A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner. If the Bureau determines that during that year, the prisoner has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as the Bureau determines to be appropriate. The Bureau's determination shall be made within fifteen days after the end of each year of the sentence. Such credit toward service of sentence vests at the time it is received. Credit that has been vested may not later be withdrawn, and credit that has not been earned may not later be granted. Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

For computation purposes, it is necessary to remember the following about subsection 3624(b):

(1) 54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being

prorated for the last partial year.  No GCT can be earned on, or awarded to, a sentence of one year or less.

        (2)  The BOP has 15 days after the end of each full year served to make a determination as to the amount of the 54 days that shall be awarded.  If the BOP makes no decision about the amount of GCT to award in the 15 days at the end of the year just served, then the entire 54 days will be automatically credited to the sentence on the Vested Date.  Therefore, before awarding any GCT on the Vested Date, staff shall review the SENTRY disciplinary log to determine if any GCT had been disallowed during the preceding anniversary period.  If no GCT was disallowed during the preceding anniversary period, then the GCT SENTRY data base shall be updated with the total amount of GCT possible to earn and a copy of the disciplinary log, as well as a copy of the GCT record (both signed and dated by the ISM staff member making the change and the auditor), shall be placed in the Judgment and Commitment File.    *

        If some or all of the GCT had been disallowed during the preceding anniversary period and no BP-448 (Good Conduct Time Action Notice) has been received by the Vested Date that matches the disciplinary log record, then the disciplinary log shall be used as the official record for disallowing GCT on the Vested Date.  A copy of the disciplinary log shall be placed in the Judgment and Commitment File pending receipt of a BP-448 that matches the information on the disciplinary log.  After receipt of the BP-448 the disciplinary log copy shall be destroyed.  Again, an updated copy of the

copy of the SENTRY GCT record (signed and dated by the ISM staff member making the change and the auditor) shall be placed in the Judgment and Commitment File.                                         *

            (5)  An action to delay, disallow or suspend the award of some or all of the GCT for a decision at a later time that is not within the 15 day, or six week, consideration time periods is not authorized.

    For release purposes, subsection 3624(b) is the most important provision in the computation process since the proper application of that subsection determines the actual statutory date of release for the prisoner.  The release date is determined, of course, by subtracting the total amount of GCT awarded during the term of the sentence from the full term date of the sentence.  The _total_ amount of GCT awarded during the term of a sentence is found by adding the amount of GCT awarded at the end of each year to the amount of GCT awarded for the last portion of a year.

    As noted in (1) above, 54 days of GCT may be awarded for each full year served on a sentence in excess of one year.  Since 54 days of GCT per year cannot be divided evenly into one year, or 12 months, or 52 weeks, or 365 days, determining the amount of GCT that may be awarded for the last portion of a year on the sentence becomes arithmetically complicated.  The BOP has developed a formula (hereinafter called the "GCT formula") that

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 44A

best conforms to the statute when calculating the maximum number of days that may be awarded for the time served during the last portion of a year on the sentence.

The GCT formula is based on dividing 54 days (the maximum number of days that can be awarded for one year in service of a sentence) into one day which results in the portion of one day of GCT (continued on next page)

that may be awarded for one day served on a sentence. 365 days divided into 54 days equals .148. Since .148 is less than one full day, no GCT can be awarded for one day served on the sentence. Two days of service on a sentence equals .296 (2 x .148) or zero days GCT; three days equals .444 (3 x .148) or zero days GCT; four days equals .592 (4 x .148) or zero days GCT; five days equals .74 (5 x .148) or zero days GCT; six days equals .888 (6 x .148) or zero days GCT; and seven days equals 1.036 (7 x .148) or 1 day GCT. The fraction is always dropped.

Since, in accordance with the statute (18 USC § 3624(b)), no GCT can be awarded to a sentence of one year or less, then the very shortest sentence that can be awarded GCT is a sentence of 1 year and 1 day. Because a prisoner would accrue GCT while serving a sentence of 1 year and 1 day and, therefore, serve something less than the full sentence, it would be impossible to accrue the full 54 days of GCT for a sentence of 1 year and 1 day. As a result, the GCT formula previously discussed must be utilized as shown below to determine the amount of GCT to award for a partial year. This method of calculating the GCT possible to award for the last portion of a year of a sentence to be served must be followed in all partial year calculations. (For the purpose of this demonstration, the sentence of 1 year and 1 day equals 366 days.)

Step No. 1

Sentence = 366 - 54 = 312 days

312 days served does not equal 54 days of GCT but does equal 46 days.

P.S. 5880.28
February 21, 1992
Page 1 - 46

Step No. 2

Days Served = 312 x .148 = 46.176 = 46 days GCT

Subtracting 46 days from the sentence of 366 days results in 320 days to be served.

Step No. 3

Sentence = 366 - 46 = 320 days

46 days of GCT is not enough because 46 plus 312 days to be served equals a sentence of 358 days, 8 days short of a sentence of 366 days (1 year and 1 day).

Step No. 4

Time Served = 312 + 46 = 358 days

Comparing 320 days to serve, which is too much time to serve, with 312 days to serve, which is not enough time to serve, reveals that the amount of GCT that can be earned must fall somewhere between 54 and 46 days. As a result, the next step is to determine how much GCT can be earned on 320 days served.

Step No. 5

Time Served = 320 x .148 = 47.36 = 47 days GCT

Subtracting 47 days from the sentence of 366 days (1 year and 1 day)
results in 319 days to be served.

Step No. 6

Sentence = 366 - 47 = 319 days

Utilizing the GCT formula, it is learned that 319 days served equals
47 days GCT.

Step No. 7

Time Served = 319 x .148 = 47.212 = 47 days GCT

Adding 319 days time served to 47 days GCT does equal a sentence of 366 days (1 year and 1 day).

<u>Step No. 8</u>

Time Served = 319 + 47 = 366 days

The amount of GCT that can be awarded for a sentence of 366 days (1 year and 1 day) is 47 days.

    The steps that were followed in the preceding example must be followed in every instance when it is necessary to determine the amount of GCT that can be awarded for a partial year served on a sentence. A short version of the preceding eight steps is shown below.

```
366 x .148 = 54.168  (366 + 54 = 420)
366 - 54= 312 x .148 = 46.176 (312 + 46 = 358)
366 - 46= 320 x .148 = 47.36  (320 + 47 = 367)
366 - 47= 319 x .148 = 47.212 (319 + 47 = 366)
```

Thus--319 days actually served plus 47 days of GCT equals 366 days, or a sentence of 1 year and 1 day.

    There is one exception to the "fraction is always dropped" rule. For instance, if the partial year remaining on a sentence equals 7 days and if the full 7 days were served, then 1 day of GCT credit (7 x .148 = 1.036 = 1 day) could be awarded. If the 1 day is awarded, however, then only 6 days would actually be served on the final 7 days and for 6 days served no GCT (6 x .148 = .888 = 0 days) would be authorized. This arithmetical conflict occurs each time that the actual time to serve plus the GCT equals 1 day less than that final portion of the year remaining on the sentence. For example, applying the GCT formula to a final portion of a year of 294 days results in the following calculation.

```
294 x .148 = 43.512   (294 + 43 = 337)
294 - 43= 251 x .148 = 37.148  (251 + 37 = 288)
294 - 37= 257 x .148 = 38.036  (257 + 38 = 295)
294 - 38= 256 x .148 = 37.888  (256 + 37 = 293)
```

As you can see from above, the GCT formula does not produce a result that will allow the number of days actually served plus the GCT to equal 294 days. Since it is to the advantage of the prisoner to award an additional full day for 37.888 days (38 days instead of 37 days) of GCT in such a situation, the BOP will award that additional 1 full day even though the time served results in a fraction (.888 in this case) short of a full day. (See Good Conduct Time Chart)

It is essential to learn that GCT *is not* awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served. In other words, when the GCT awarded plus the number of days actually served equals the days remaining on the sentence, then the prisoner shall be released on the date arrived at in the computation process (days remaining on sentence - (GCT + days served) = release date). The following example demonstrates the computation process for determining a final release date on a sentence with 355 days remaining and that has a 10-10-91 date of release prior to the award of GCT.

```
355 x .148 = 52.54    (355 + 52 = 407)
355 - 52= 303 x .148 = 44.844  (303 + 44 = 347)
355 - 44= 311 x .148 = 46.028  (311 + 46 = 357)
355 - 46= 309 x .148 = 45.172  (309 + 45 = 354)
355 - 45= 310 x .148 = 45.88   (310 + 45 = 355)
```

```
Release Date        = 10-10-91 =  19276
GCT                           = -00045
Final Release Date  = 08-26-91 =  19231
```

P.S. 5880.28
February 21, 1992
Page 1 - 49

Based on the partial year formula, any sentence that equals 418 days (e.g., 1 year, 1 month and 21 days) through 425 days (e.g., 1 year, 1 month and 29 days), can receive 54 days of GCT. Beginning with sentences that equal 426 days, <u>more</u> than 54 days of GCT can be awarded. As a result, any sentence that exceeds 425 days will require an Anniversary Date and a prorated year computation.

Now that the method for finding the release date for a partial year has been shown, the following example demonstrates the calculation of a sentence of 1 year and 1 month with no jail time credit or inoperative time.

```
Date Sentence Began        90-06-23
Sentence Length          = +01-01-00
Full Term Date             91-07-22*  =  19196
Date Sentence Began        90-06-22*  = -18801
Days Remaining                            395
```

```
395 x .148 = 58.46   (395 + 58 = 453)
395 - 58= 337 x .148 = 49.876 (337 + 49 = 386)
395 - 49= 346 x .148 = 51.208 (346 + 51 = 397)
395 - 51= 344 x .148 = 50.912 (344 + 50 = 394)
395 - 50= 345 x .148 = 51.06  (345 + 51 = 396)
```

You will note that the GCT formula does not allow the GCT plus the days served (344 + 50 = 39<u>4</u> and 345 + 51 = 39<u>6</u>) to equal the days remaining on the sentence (395). As a result, in accordance with the exception to always "dropping the fraction" rule, 51 days of GCT is awarded for the partial year rather than 50 days.

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 61B

enter the number of days of Good Conduct Time into SENTRY on the Vested Date, or the last normal work day prior to the Vested Date.

      e. If a Good Conduct Time Action Notice (BP-448) has not been received by the Vested Date, then the Disciplinary Log shall be used as the official record for disallowing GCT on the Vested Date. A copy of the disciplinary log shall be placed in the J&C File pending receipt of a BP-448 that matches the information on the disciplinary log. After receipt of the BP-448, the disciplinary log copy shall be destroyed.

      f. For partial year awards, ISM staff will enter the final GCT award into SENTRY on the inmate's release date prior to the final satisfaction of the sentence. The final GCT award should be made on the inmate's release date, or the work day preceding the release date since awards of GCT are vested and may not later be disallowed. If the time remaining on the sentence is less than a year, a prorated amount of Good Conduct Time will be entered into SENTRY. This also includes shorter sentences up to and including a sentence of 417 days (usually equaling 1 year, 1 month and 1 day), which do not earn the full amount of 54 GCT days, but earn a lesser prorated amount. Inmates serving SRA sentences are not eligible for lump sum awards of GCT.

      g. Community Corrections staff will perform the above procedures for prisoners in community correction centers. The Disciplinary Log need not be produced for prisoners who are boarded out to state facilities or who are serving their sentences concurrently in a state facility.    *